UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

EILEEN FINNEGAN                                  :
15116 Milford Street                             :
Philadelphia, PA 19116                           :
                                                 :
       Plaintiff,                             :
                                                 :
v.                                               :          Civil Action No.:
                                                 :
LIBERTY LIFE ASSURANCE                           :
COMPANY OF BOSTON                                :
175 Berkeley Street                              :
Boston, MA 02116                                 :
                                                 :
       Defendant,                             :
_____                  :

## COMPLAINT

    Plaintiff, Eileen Finnegan, hereby brings this civil action against Defendant, Liberty Life

Assurance Company of Boston, and in support thereof states as follows:

### NATURE OF ACTION

    1.   This case involves a claim for long term disability benefits under the employee

welfare benefit plan of Wells Fargo & Company, policy number GF3-850-289424-01 ("the LTD

Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. § 1001, *et seq.*   Plaintiff seeks recovery of benefits pursuant to 29 U.S.C.

§1132(a)(1)(B).

### JURISDICTION AND VENUE

    2.   This court has jurisdiction over the issues raised herein pursuant 29 U.S.C.

§1132(e)(1) and 28 U.S.C. §1331.

3.      Venue is proper in the Eastern District of Pennsylvania.  *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b).

4.      ERISA provides a mechanism for administrative appeal of benefit denials.  *See* 29 U.S.C. §1133.  Those avenues of appeal have been exhausted in this case; therefore, this civil action has been properly filed in federal court.

## PARTIES

5.      Plaintiff, Eileen Finnegan, is an adult individual currently residing in Philadelphia, PA.

6.      Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty"), is a business entity with a corporate office location at 175 Berkeley Street, Boston, Massachusetts 02116.  Defendant Liberty is licensed to and does business in the Eastern District of Pennsylvania.

7.      At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

8.      At all times relevant, Defendant Liberty issued the Plan, insured the Plan, and was the claim's fiduciary that determined eligibility for benefits.

9.      As an employee of Wells Fargo & Company, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7).

## CLAIM FOR BENEFITS

10.     Eileen Finnegan was an active full time employee of Wells Fargo & Company through April 1, 2014, when she became disabled under the terms of the Plan.

11.     Ms. Finnegan began her employment with Wells Fargo & Company on March 3, 1997. She was employed as an Operations Manager 4 as of her date of disability.

2

12.    Ms. Finnegan was a high wage earner with an approximate annual salary of $116,907.65 with bonus incentives prior to her last date worked.

13.    Ms. Finnegan's occupation as an Operations Manager 4 required a high level of cognitive and mental functioning.

14.    Ms. Finnegan has remained out of work since April 1, 2014 due to the severity of her medical impairments including, but not limited to, major depressive disorder, anxiety disorder, chronic headaches, and high blood pressure.

15.    Following the date she stopped working on April 1, 2014, Ms. Finnegan claimed short term disability (hereinafter "STD") benefits under the Wells Fargo STD Plan.

16.    According to the STD Plan, "Disability" means that the individual is unable to perform the "Material and Substantial Duties" of his or her "Own Occupation."

17.    Defendant Liberty, acting as the administrator of the STD Plan, approved Ms. Finnegan for the maximum duration of STD benefits through September 30, 2014 during which time the employer, Wells Fargo & Company, was the insurer of the STD Plan, and thus the employer paid all STD benefits per Defendant Liberty's administrative review.

18.    Defendant Liberty thereafter internally referred Ms. Finnegan's claim for consideration of long term disability (hereinafter "LTD") benefits under the subject LTD Plan.

19.    The STD Plan's definition of "Disability" is synonymous to the LTD Plan's definition of disability with respect to benefits paid for the first 24 months after Ms. Finnegan's satisfaction of the LTD elimination period – specifically the "Own Occupation" period of disability.

20.    Per the terms of the LTD Plan, Defendant Liberty was both the administrator and insurer of the LTD Plan.

21.     Beginning October 1, 2014, Defendant Liberty paid Plaintiff LTD benefits under a reservation of rights pending a medical review of her file with respect to her LTD claim.

22.     In a December 9, 2014 letter, Defendant Liberty denied Ms. Finnegan's LTD claim and ceased its payment of benefits effective December 8, 2014.

23.     Ms. Finnegan thereafter filed a timely appeal of Defendant Liberty's denial.

24.     Included in Ms. Finnegan's appeal were additional medical records documenting the severity of her disabling medical impairments.

25.     Ms. Finnegan's treating physicians assigned restrictions and limitations consistent with an inability to perform the material duties of Ms. Finnegan's own occupation.

26.     In a September 14, 2015 letter, Defendant Liberty upheld its December 9, 2014 denial of Plaintiff's LTD claim and issued a final denial of Ms. Finnegan's LTD benefits.

27.     As a result of Defendant Liberty's issuance of a final determination, all administrative remedies have been exhausted and this matter is ripe for judicial review.

28.     The determination by Defendant Liberty that Plaintiff is not totally disabled, as defined by the Plan, is contrary to the welfare benefit plan, and has no rational support in the evidence.

29.     Defendant Liberty acknowledged and approved Ms. Finnegan's "Disability" while it was the administrator and not the insurer of benefits.

30.     With no change in Ms. Finnegan's medical impairments, Defendant Liberty disputed Ms. Finnegan's disability once its' conflict of interest materialized as both the administrator and insurer of LTD benefits.

31.     The decision to terminate Ms. Finnegan's LTD benefits is in direct contradiction to its own STD disability determinations approving benefits through September 30, 2014.

4

32.     Defendant Liberty had discretion per the Plan to order or request Ms. Finnegan to attend an Independent Medical Examination.

33.     Defendant Liberty did not order or conduct an Independent Medical Examination.

34.     Defendant Liberty did not order or conduct a field interview of Ms. Finnegan.

35.     Defendant Liberty had discretion per the Plan to order or conduct a field interview of Ms. Finnegan.

36.     Defendant Liberty's September 14, 2015 decision is wrong and unreasonable where it is not based on substantial evidence, and is based on assumptions and negative inferences.

37.     Defendant Liberty's September 14, 2015 decision is contrary to the terms and provisions of the LTD Plan.

38.     The Social Security Administration concluded Ms. Finnegan has not been capable of her occupation as an Operations Manager 4 per the records and opinions of her treating physicians.

39.     Defendant Liberty failed to fully and fairly evaluate Ms. Finnegan's claim.

40.     Defendant Liberty's determination to deny Plaintiff's claim for benefits was arbitrary and capricious.

41.     As a direct and proximate result thereof, based on the evidence submitted to Liberty establishing that Plaintiff met the Plan's definition of "Disability," Plaintiff is entitled to payment of monthly benefits retroactive to December 9, 2014, following the policy's elimination period; and such benefits should be continued as long as Plaintiff remains disabled in accordance with the terms of the Plan.

WHEREFORE, Plaintiff, Eileen Finnegan, prays for the following relief:

A.    That the Court enter judgment in Plaintiff's favor and against Defendant relative to the time period of the first date of payable LTD benefits through present; and

B.    That the Court orders Defendant to pay past-due disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled; and

C.    That the Court orders Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

D.    That the Court award Plaintiff's attorney's fees pursuant to 29 U.S.C. §1132(g); and

E.    That Plaintiff seeks recovery of any and all other relief to which he may be entitled, as well as the costs of suit.

Respectfully submitted,

By:    _____
Joseph Capitan, Esq. #307043
MARTIN LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
JCapitan@paworkinjury.com
p: 215.587.8400  f: 267.765.2033
*Attorney for Plaintiff*